# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ANTHONY SAMUEL HINDS, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) NO. CIV-16-1468-HE |
| | ) |
| C.O. KNIGHTON, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Plaintiff Anthony Hinds, an Oklahoma prisoner proceeding *pro se*, brought this civil rights action under 42 U.S.C. § 1983 against three employees of the privately operated Cimarron Correctional Facility ("CCA"). The case was referred to U.S. Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) & (C). Following initial screening pursuant to 28 U.S.C. § 1915A, Judge Purcell issued a report and recommendation [Doc. #12] recommending dismissal of the complaint for failure to state a claim upon which relief could be granted. Plaintiff has objected to the report and recommendation, therefore the court reviews the complaint *de novo*.

The standard of review for screening under § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). When reviewing a claim under that standard, the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive screening, the complaint must allege "enough facts to state a claim to relief that is plausible

on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendants' liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)). Because Mr. Hinds is proceeding *pro se*, the court construes his pleadings liberally, but does not act as his advocate. Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

## Background

Plaintiff is an Oklahoma state prisoner currently incarcerated at CCA. The complaint alleges that on July 28, 2016, Correctional Officer Knighton gave him a misconduct (a disciplinary action within the prison). He claims the misconduct was fabricated. In the related grievances, plaintiff asserted that Knighton later taunted him about the misconduct, asking how he liked it and informing him that she had more coming. He also alleges that she shined a flashlight in his face.

The complaint also alleges that Knighton verbally threatened him on August 6, 2016, leading to a mental breakdown for which he was placed on therapeutic watch in the medical unit. He alleges that Knighton "physically assaulted" him upon his release from the medical unit. He also alleges that Knighton "had inmates try to kill me." Plaintiff mentions "altercations" around October 22, 2016, which resulted in his placement in

protective custody. Plaintiff indicates he tried to avoid being reassigned to his old unit after completing his treatment in the medical unit, but that defendants Cox and Byrd were not responsive to this concerns.

He has now sued Knighton, Cox, and Byrd for their alleged actions and omissions.

**Analysis**

Plaintiff's claims are based on the Eighth Amendment's prohibition on cruel and unusual punishment.[1] He argues that Knighton violated his Eighth Amendment rights by giving him an unsupported misconduct, harassing him, physically assaulting him, and arranging for other inmates to kill him. He claims that Cox and Byrd violated his Eighth Amendment rights by not protecting him from the actions of Knighton and other inmates.

Like the magistrate judge, the court concludes plaintiff's allegations fail to state plausible claims against the defendants. First, plaintiff cannot attack the legitimacy of the misconduct in an action under § 1983 unless the misconduct has been reversed or vacated. *See* Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641, 645 (1997) (holding of Heck applies to prison disciplinary actions). There is no suggestion in the complaint or plaintiff's response that the misconduct has been overturned or expunged, via 28 U.S.C. § 2241 or otherwise, and he therefore cannot challenge it here via a § 1983 claim.

Second, Knighton's complaints about verbal harassment and abuse are not a basis for claim. The Prison Litigation Reform Act, 42 U.S.C. § 1997 *et seq.* ("PLRA") bars any

---

[1] *Plaintiff's grievances and objection mention due process concerns, but the complaint is explicitly based on the Eighth Amendment.*

3

"Federal civil action . . . for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." *Id*. § 1997e(e). While plaintiff claims that he was placed in the medical unit because of Knighton's threats and harassment, the complaint and related documents indicate that his placement was due to his mental and emotional condition, not some physical injury. Plaintiff's claims based on verbal harassment and abuse fail to state a claim.

The complaint does include an allegation of "physical abuse" by Knighton, but the allegation is wholly conclusory. It contains no facts indicating what Knighton allegedly did or what the circumstances were. Did she slug him? Did she push him? Did she merely touch his arm? The complaint is lacking in those underlying facts, leaving the court to speculate as to what plaintiff means by "physical abuse." The complaint indicates he told the details of the physical abuse to the mental health staff, but he didn't put any such details in his submissions to this court. The general and conclusory allegations he did include fall short of stating a plausible claim.

Similarly, the complaint's allegation that Knighton encouraged other inmates to kill him fails to state a claim for the same reason --- the allegation is a summary conclusion, without any attempt to supply the factual who, what and where that might support an inference of a claim.

Plaintiff's claims against Cox and Byrd also fail to state an Eighth Amendment claim. Prison officials must protect prisoners from "constant threats of violence and sexual assaults from other inmates." Ramos v. Lamm, 639 F.2d 559, 572 (10th Cir. 1980). To state a claim for failure to protect, "the inmate must show that he is incarcerated under

4

conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). He must also show that prison officials were deliberately indifferent to that risk. *Id*.

Here, construing the complaint and related documents most broadly in plaintiff's favor, they arguably suggest a basis for concluding he was incarcerated under conditions posing a risk of serious harm. Specifically, plaintiff's submissions suggest he was formerly a member of the G-Shine Bloods, that he had left the gang, and that other gang members threatened him as a result of that. He does not identify who threatened him or when, but at least identifies one specific fact --- his past gang membership --- that was arguably the basis for the threatening conduct.

But there is no factual, non-conclusory basis for concluding that the defendants were deliberately indifferent to his circumstances. Indeed, the complaint specifically alleges that he was placed in protective custody at some point. That allegation is not consistent with a suggestion of deliberate indifference. And if the basis for claim is that he wasn't placed in protective custody soon enough, then that basis needs to be supported by factual allegations supporting such a conclusion. Such allegations are lacking in the complaint and related submissions.

The result is that plaintiff has not stated a plausible Eighth Amendment claim against defendants Cox and Byrd.

## Conclusion

Even viewing the allegations of the complaint (and related documents) in the light most favorable to plaintiff, the court concludes they fail to state a claim upon which relief

5

may be granted. The report and recommendation [Doc. #12] is therefore **ADOPTED** and plaintiff's claims are **DISMISSED**. As some of the deficiencies noted above are potentially subject to being corrected by amendment, plaintiff is granted leave to amend. Any amended complaint shall be filed by July 1, 2017.

**IT IS SO ORDERED**

Dated this 8th day of June, 2017.

JOE HEATON
CHIEF U.S. DISTRICT JUDGE