# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANTHONY SAMUEL HINDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | NO. CIV-16-1468-HE |
| | ) | |
| C.O. KNIGHTON, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Anthony Hinds, an Oklahoma prisoner proceeding *pro se*, brought this civil rights action under 42 U.S.C. § 1983 against three employees of the privately operated Cimarron Correctional Facility ("CCA"). The case was referred to U.S. Magistrate Judge Gary M. Purcell for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B) & (C). Following initial screening pursuant to 28 U.S.C. § 1915A, Judge Purcell issued a report and recommendation [Doc. #12] recommending dismissal of the complaint for failure to state a claim upon which relief could be granted. The court adopted the report and recommendation, but gave plaintiff leave to amend his complaint. Plaintiff amended his complaint, and Judge Purcell issued a supplemental report and recommendation, which again recommended dismissal of plaintiff's claims. Plaintiff has objected to the report and recommendation, therefore the court reviews the complaint *de novo*.

The standard of review for screening under § 1915(e)(2)(B)(ii) is the same as that for a motion to dismiss under Fed.R.Civ.P. 12(b)(6). Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007). When reviewing a claim under that standard, the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most

favorable to the plaintiff. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive screening, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other words, the facts alleged in the complaint must allow the court to infer the defendants' liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)). Because Mr. Hinds is proceeding *pro se*, the court construes his pleadings liberally, but does not act as his advocate. Merryfield v. Jordan, 584 F.3d 923, 924 n.1 (10th Cir. 2009).

## **Background**

Plaintiff is an Oklahoma state prisoner currently incarcerated at CCA. The documents attached to the amended complaint show that Correctional Officer Knighton imposed a misconduct (a disciplinary action within the prison) on plaintiff on July 28, 2016. Plaintiff claims the misconduct was fabricated, but that his attempts to have the misconduct reversed failed due to the flaws in the grievance process.

The amended complaint also alleges that Knighton verbally harassed him, leading to a mental breakdown and "acts to commit suicide." [Doc. #21] at 13. After his release from the medical unit, plaintiff alleges that Knighton walked into his cell while he slept, yanked plaintiff's blanket to the floor, and grabbed plaintiff's ankle. Plaintiff reported

2

these incidents to officials Cox and Byrd, claiming that he was at risk. Cox and Byrd did not remove plaintiff from his housing assignment or address the issues.

He has now sued Knighton, Cox, and Byrd for their alleged actions and omissions.

## **Analysis**

Plaintiff's amended complaint asserts claims for violations of due process and the Eighth Amendment's prohibition on cruel and unusual punishment.

The due process claims involve plaintiff's allegedly fabricated misconduct. As outlined in the court's previous order, plaintiff cannot attack the legitimacy of the misconduct in an action under § 1983 unless the misconduct has been reversed or vacated. *See* Heck v. Humphrey, 512 U.S. 477, 487 (1994); Edwards v. Balisok, 520 U.S. 641, 645 (1997) (holding of Heck applies to prison disciplinary actions). Plaintiff argues that he attempted to have the misconduct reversed, but the administrative grievance process was unavailable to him. Plaintiff's argument confuses the Prison Litigation Reform Act's ("PLRA") exhaustion requirement with the Supreme Court's holding in Heck. Plaintiff's claim is not subject to dismissal because he has not exhausted, it is subject to dismissal because the misconduct itself has not been reversed. To the extent that plaintiff is arguing that he lacks a forum in which to challenge his misconduct, the court notes that various federal and state avenues for habeas relief exist outside of the prison grievance system. The alleged unavailability of a grievance process is therefore not a basis for avoiding Heck's requirements.

Plaintiff's Eighth Amendment claims against Knighton also fail. Verbal harassment leading to mental or emotional injury is not a sufficient basis for liability under the PLRA.

*See* 42 U.S.C. § 1997e(e). And as for the allegation that Knighton yanked plaintiff's blanket and grabbed his ankle, the court concludes that the physical interaction was not sufficient to state an Eighth Amendment claim. "The Eighth Amendment's prohibition of 'cruel and unusual' punishments necessarily excludes from constitutional recognition *de minimus* uses of physical force." Hudson v. McMillian, 503 U.S. 1, 9-10 (1992). Not every push or shove gives rise to a constitutional claim, even if that contact is malevolent. *Id*. Plaintiff's allegations present such a *de minimus* contact. He does not allege any injury from the grab.

Plaintiff's claims against Cox and Byrd also fail to state an Eighth Amendment claim. To state a claim for failure to protect, "the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1994). He must also show that prison officials were deliberately indifferent to that risk. *Id*.

The only specific circumstances alleged in the amended complaint are those relating to Knight's alleged verbal abuse, falsified misconduct, and her grabbing his ankle. These allegations fall short of stating a basis for concluding plaintiff was subject to a substantial risk of serious harm. The amended complaint does not state a basis for claim against Cox and Byrd.

## **Conclusion**

Even viewing the allegations of the amended complaint (and related documents) in the light most favorable to plaintiff, they fail to state a claim upon which relief may be

4

granted. The supplemental report and recommendation [Doc. #24] is therefore **ADOPTED** and plaintiff's claims are **DISMISSED**.

    **IT IS SO ORDERED**

Dated this 25th day of September, 2017.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE